UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN L. CYR, III,               ) | |
|                                  ) | |
|         *Plaintiff*              ) | |
|                                  ) | |
| v.                               ) | No. 1:11-cv-433-GZS |
|                                  ) | |
| MICHAEL J. ASTRUE.               ) | |
| **Commissioner of Social Security,** ) | |
|                                  ) | |
|         *Defendant*              ) | |

### REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal contends that the administrative law judge committed reversible error in failing to find that his attention deficit hyperactivity disorder was a severe impairment and in assigning to him a residual functional capacity ("RFC") that was not supported by substantial evidence.  I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act for purposes of SSD only through September 30, 2010, Finding 1, Record at 10; that he suffered from post-traumatic stress disorder, an

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3).  The commissioner has admitted that the plaintiff has exhausted his administrative remedies.  The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office.  Oral argument was held before me on June 20, 2012, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

impairment that was severe but which did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id*. at 11-12; that he had the RFC to perform a full range of work at all exertional levels, but no work with greater than superficial interaction with the general public, with exposure to blood, where he must work closely and cooperatively with co-workers, and limited to unskilled work with mild limitations in concentration, persistence, and pace, Finding 5, *id*. at 12-13; that he was unable to perform any past relevant work, Finding 6, *id*. at 17; that, given his age ($22^2$ on the alleged date of onset of disability, January 7, 2009, a younger individual), limited education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 7-8, 10, *id*. at 18; and that, therefore, the plaintiff had not been under a disability, as that term is defined in the Social Security Act, from January 1, 2003,[3] through the date of the decision, May 31, 2011, Finding 11, *id*. at 19. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner. 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

---

[2] The administrative law judge gives the plaintiff's age at this time as 16, Record at 18, but with a date of birth of June 20, 1986, *id*., and an alleged date of onset of January 7, 2009, *id*. at 8, my calculations result in an age of 22.
[3] This is the date of onset of disability initially alleged by the plaintiff. Record at 8. This was amended to January 7, 2009, *id*., which should be the date used in Finding 11. Nothing turns on this error.

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen*, 482 U.S. at 146 n.5; *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's statement of errors also implicates Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

## I. Discussion

### A. Step 2

The plaintiff contends that the administrative law judge should have found that his attention deficit hyperactivity disorder ("ADHD") was a severe impairment. Statement of Specific Errors ("Itemized Statement") (ECF No. 12) at 1-3. On this point, the administrative law judge said:

> Medical reports also demonstrate the claimant to carry a diagnosis of attention deficit hyperactivity disorder (ADHD). The claimant has not been prescribed medication in over a year by his testimony, and perhaps longer according to the medical evidence in the record for this condition.

> This may be due to lack of money to purchase this medication according to the claimant's testimony. Despite not taking any prescribed medications, mental status examinations in the medical evidence of record demonstrate[] intact and adequate memory, attention and concentration.
>
> Based on the evidence in the record and the testimony of the claimant, the undersigned finds that the claimant's impairments of back disorder and ADHD are nonsevere, as they result in no or minimal functional limitations.

Record at 11.

The plaintiff asserts that "there are numerous instances in the record reflecting the Plaintiff's difficulties with memory, attention, and concentration." Itemized Statement at 2. He relies on the following three to support his contention that "[t]he ALJ's finding that ADHD is not a severe impairment is in direct conflict with the ALJ's RFC that imposes limitations due to the ADHD diagnosis." *Id*. at 3. This contention overlooks a basic precept of Social Security law: even when an impairment is found not to be severe, any limitations imposed by that impairment should be considered in the formulation of an RFC. *See, e.g., Ferrante v. Astrue*, 755 F.Supp.2d 206, 211 (D. Me. 2010). The "conflict" identified by the plaintiff does not exist.

In addition, the administrative law judge's limitation of the plaintiff "to unskilled work based on his history of ADHD," Record at 13, cannot be said to ignore difficulties with memory, attention, and concentration that may be due to ADHD, in addition to the plaintiff's post-traumatic stress disorder, which the administrative law judge found to be severe. *Id*. at 11.

Of course, at Step 2, "difficulties with memory, attention, and concentration" must be shown by medical evidence to have more than a minimal effect on the claimant's ability to perform work-related functions. The first instance cited by the plaintiff comes from a psychiatric evaluation performed in 2004, when he was 17. Itemized Statement at 2. The portions of that report quoted by the plaintiff deal with "school related difficulties," *id*., that may or may not be

4

directly translatable into difficulties with work-related activities. That report was available to Mary A. Burkhart, Ph.D., a state-agency psychologist who reviewed the plaintiff's records and found that any mental impairments from which he suffered were not severe. Record at 356.

The second instance cited by the plaintiff is a psychiatric assessment performed in 2009. Itemized Statement at 2. He notes that the examining psychiatrist found that he had ADHD "and quite possibly a learning disorder[,]" *id*., but no impact on work-related functions was noted. *Id*. at 535-37.

The third instance on which the plaintiff relies is "periodic comprehensive assessment" while he was undergoing therapy "from Community Care" which "consistently revealed the Plaintiff's thought process to be tangential and easily distracted, impulse control was inconsistent, motor activity was restless, and attention was distracted." Itemized Statement at 2-3. Each of the three reports cited by the plaintiff, dated April 26, 2010, June 29, 2010, and January 13, 2011, records identical checked boxes, at least as to those cited by the plaintiff, under the heading "Mental Status and Functioning," and each checking of status is based on the plaintiff's own reports, which is not considered medical evidence under the standard required at Step 2. Record at 859-60; 834-35; 683-84. *Libby v. Astrue*, No. 2:10-cv-265-GZS, 2011 WL 2531152, at * 2 (D. Me. June 24, 2011).

In addition, the plaintiff has not suggested how his RFC, let alone the outcome of his claim, would necessarily be different if his ADHD were found to be severe at Step 2.

For all of these reasons, the plaintiff is not entitled to remand based on the alleged error at Step 2.

## B.  RFC

The plaintiff also contends that the RFC assigned to him by the administrative law judge is not supported by substantial evidence because it is not clear from the opinion that the plaintiff's difficulties with concentration, persistence, or pace did not affect any of the mental activities required by unskilled work.  Itemized Statement at 3-4.  He asserts that this case is sufficiently similar to *Maldonado v. Astrue*. Civil No. 08-412-B-W, 2009 WL 1885057 (D. Me. June 30, 2009), to require the same result, a remand.  *Id*. at 4.  I disagree.

In *Maldonado*, that administrative law judge found that the claimant had moderate difficulties with concentration, persistence, or pace.  2009 WL 1885057 at *5.  That finding was crucial to my reasoning and that of the judge whose reasoning I found persuasive.  *Id*.  Here, the administrative law judge found that the plaintiff had only mild difficulties with concentration, persistence, or pace, Record at 12, and the state-agency psychologist made the same finding, *id*. at 366.[4]  I am not aware of any contradictory evidence in the record.

> There is more than a semantic difference between the terms "mild" and "moderate."  Mental impairments are evaluated according to a five-point scale: "none, mild, moderate, marked, and extreme."  *See* 20 C.F.R. § 404.1520a(c)(4) (2005).  The first two points on the scale, i.e. "none" and "mild" do not indicate a severe impairment.  *Id*.  The last point on the scale, i.e., "extreme" represents a degree of limitation presumptively incompatible with ability to do any gainful activity.  *Id*. The middle point, "moderate," while not presumptively disabling, nevertheless represents a severe impairment.  *Id*.

*Allsbury v. Barnhart*, 460 F.Supp.2d 717, 727 (E.D. Tex. 2006).  A severe impairment is one that "significantly limits [the individual's] physical or mental ability to do basic work activities."  20 C.F.R. § 404.1520(c).

---

[4] It is not correct to say, as the plaintiff does, that the administrative law judge in this case found that the plaintiff "suffered from unquantified limitations in concentration, persistence, or pace[.]"  Itemized Statement at 5.  The administrative law judge "quantified" those limitations in precisely the manner required by Social Security law and regulations.

Thus, mild difficulties with concentration, persistence, or pace, by definition, are far less likely than moderate difficulties to affect significantly the occupational base for unskilled work. *See generally J.F.W. v. United States Comm'r Soc. Sec. Admin.*, Civil Action No. 08-cv-1243, 2009 WL 3156543, at *2 (W.D. La. Sept. 25, 2009) (upholding administrative law judge's conclusion that mild psychological limitation and borderline to low average intellectual functioning had little to no effect on occupational base of unskilled work at all exertional levels). *Maldonado* does not require a remand of the instant case, nor was the administrative law judge required to question the vocational expert on this point.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 10th day of July, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge